IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAGUIH SIAG, INDIVIDUALLY, AND AS REPRESENTATIVE OF TOURISTIC INVESTMENT & HOTELS MANAGEMENT COMPANY (SIAG) and SIAG-TABA COMPANY <br><br> Plaintiffs, <br><br> v. <br><br> KING & SPALDING LLP and REGINALD R. SMITH <br><br> Defendants. | Civil Action No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants King & Spalding LLP and Reginald R. Smith hereby remove to this Court the above-captioned civil action currently pending as Cause No. 2010-01557 in the 334th Judicial District Court of Harris County, Texas. *See* Ex. 1 (Plaintiffs' Original Pet.). Defendants invoke the Convention on the Recognition and Enforcement of Foreign Arbitral Awards as the ground for removal. *See* 9 U.S.C. §§ 201-208. Federal courts have original subject matter jurisdiction over any arbitration agreement that falls under the Convention. *See* 9 U.S.C. § 202 (setting forth when an arbitration agreement falls under the Convention); § 203 (stating that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States"). Removal is permitted "[w]here the subject matter of an action or proceeding pending in State court *relates to* an arbitration agreement . . . falling under the Convention." 9 U.S.C. § 205 (emphasis added). In this case, Plaintiffs' claims relate to an arbitration agreement that both falls under the Convention and is among the parties to this lawsuit.

1

I.  **PROCEDURAL HISTORY**

This case arises out of a fee dispute. In September 2004, King & Spalding, through one of its partners, Reginald Smith, entered into a Contract of Representation with Plaintiffs in which King & Spalding agreed to represent Plaintiffs in a dispute with the Arab Republic of Egypt over the expropriation of a 161-acre resort property on the Red Sea. *See* Ex. 2 (Contract of Representation). King & Spalding took a contingent fee interest in any settlement amount or award-on-the-merits recovered from the dispute. *See id.* In June 2009, after five years of arbitration proceedings, the ICSID (International Centre for Settlement of Investment Disputes) arbitration tribunal awarded Plaintiffs over $75,000,000. *See* Ex. 3 ¶ 3 (R. Smith Affidavit). Egypt then lodged an annulment appeal with ICSID, which was scheduled for hearing in November 2009. *See id.* That hearing never occurred, however, because with no notice to King & Spalding and in breach of the Contract of Representation, Plaintiffs secretly negotiated and consummated a settlement with Egypt that circumvented King & Spalding's fee interest in the dispute. *See id.*

In response, and pursuant to the arbitration agreement contained in the Contract of Representation,[1] King & Spalding filed a Request for Arbitration in the London Court of International Arbitration on December 10, 2009, seeking compensation for Plaintiffs' breach of the Contract of Representation. *See* Ex. 4 (Request for Arbitration). That arbitration is currently pending. Nevertheless, on January 11, 2010, Plaintiffs filed the present action against King &

---

[1] The arbitration provision is located in ¶ 8 of the Contract of Representation and reads in relevant part: "Any dispute, controversy or claim, whether based on contract, tort, statute, regulations, or otherwise, arising out of or relating in any way to this Contract, the relationship of the parties, or the obligations of the parties, including without limitation, any dispute as to the existence, validity, construction, interpretation, negotiation, fraud-in-the-inducement, performance, non-performance, breach, termination, or enforceability of this Contract, as well as any dispute regarding jurisdiction or arbitrability, shall be resolved through final and binding arbitration, it being the intention of the parties that this is a broad form arbitration agreement designed to encompass all possible disputes among the parties relating to K&S's representation of SIAG in connection with the Dispute. This right to arbitrate the disputes, claims, or controversies under this Contract shall survive the termination of this agreement." Ex. 2 ¶ 8.

2

Spalding and Smith in Harris County state court. In their Petition, Plaintiffs claim that the Contract of Representation is void, *see* Ex. 1 at 5-6, that Defendants were negligent in their representation under the Contract of Representation, *see id.* at 6-8, that Defendants engaged in fraud under the Contract of Representation, *see id.* at 8-9, and that Defendants breached their fiduciary duty arising under the Contract of Representation, *see id.* at 9-10. Pursuant to the broad arbitration provision in the Contract of Representation, all of these claims must be arbitrated. And pursuant to the Convention, King & Spalding and Smith have the right to have a federal court decide whether to compel arbitration. *See* 9 U.S.C. §§ 205, 206. Therefore, King & Spalding and Smith file this Notice of Removal.[2]

In compliance with 28 U.S.C. § 1446(a) and this Court's Local Rules, a copy of all process and orders served in the State Court Action along with the docket sheet and a list of counsel are attached hereto as Exhibit 5. Plaintiffs' Petition is attached as Exhibit 1.

## II. THE CONVENTION GUARANTEES DEFENDANTS REMOVAL OF THIS CASE TO FEDERAL COURT

By ratifying the Convention, Congress "guarantee[d] enforcement of arbitral contracts and awards made pursuant to the Convention in United States courts." *McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207 (5th Cir. 1991). In so doing, "Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books." *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). To remove a case under § 205, the arbitration agreement at issue must "'fall

---

[2] This Notice of Removal is timely and filed in the appropriate federal court. While this Notice of Removal is filed within 30 days of January 27, 2010—the date Defendants were served with the Petition—under 9 U.S.C. § 205 a defendant may remove "at any time before the trial." 9 U.S.C. § 205; *see also McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991). This is also the appropriate Court for removal. *See* 9 U.S.C. § 205 ("[T]he defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."). The action is pending in a district court of Harris County which is located in the Southern District of Texas, Houston Division.

Spalding and Smith in Harris County state court. In their Petition, Plaintiffs claim that the Contract of Representation is void, *see* Ex. 1 at 5-6, that Defendants were negligent in their representation under the Contract of Representation, *see id.* at 6-8, that Defendants engaged in fraud under the Contract of Representation, *see id.* at 8-9, and that Defendants breached their fiduciary duty arising under the Contract of Representation, *see id.* at 9-10. Pursuant to the broad arbitration provision in the Contract of Representation, all of these claims must be arbitrated. And pursuant to the Convention, King & Spalding and Smith have the right to have a federal court decide whether to compel arbitration. *See* 9 U.S.C. §§ 205, 206. Therefore, King & Spalding and Smith file this Notice of Removal.[2]

In compliance with 28 U.S.C. § 1446(a) and this Court's Local Rules, a copy of all process, and orders served in the State Court Action along with the docket sheet and list of counsel are attached hereto as Exhibit 5. Plaintiffs' Petition is attached as Exhibit 1.

## II. THE CONVENTION GUARANTEES DEFENDANTS REMOVAL OF THIS CASE TO FEDERAL COURT

By ratifying the Convention, Congress "guarantee[d] enforcement of arbitral contracts and awards made pursuant to the Convention in United States courts." *McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207 (5th Cir. 1991). In so doing, "Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, § 205, in the statute books." *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). To remove a case under § 205, the arbitration agreement at issue must "'fall

---

[2] This Notice of Removal is timely and filed in the appropriate federal court. While this Notice of Removal is filed within 30 days of January 27, 2010—the date Defendants were served with the Petition—under 9 U.S.C. § 205 a defendant may remove "at any time before the trial." 9 U.S.C. § 205; *see also McDermott Int'l Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991). This is also the appropriate Court for removal. *See* 9 U.S.C. § 205 ("[T]he defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."). The action is pending in a district court of Harris County which is located in the Southern District of Texas, Houston Division.

3

under the Convention' as defined in § 202" and the subject matter of the removed case must "'relate[] to' the arbitration clause[] within the meaning of § 205." *Id.* at 376; *see also Schofield v. Int'l Dev. Group Co.*, 2006 WL 504058, at *3 (W.D. Tex. 2006) ("To be removable, an arbitration agreement must not only 'fall under' the Convention, but it must also 'relate to' the State court proceeding.").

### A. The Arbitration Agreement in the Contract of Representation "Falls Under" the Convention

For the Convention to apply, the arbitration agreement at issue must "fall under" the Convention as provided in 9 U.S.C. § 202. An arbitration agreement falls under the Convention when "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *LIM v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005); *see also Beiser v. Weyler*, 284 F.3d 665, 666 n.2 (5th Cir. 2002) ("In order for an agreement to fall under the Convention, it must arise out of a commercial relationship. At least one of the parties to the agreement must not be a U.S. citizen.").

The arbitration agreement in this case satisfies the four requirements to fall under the Convention. The Contract of Representation and the arbitration provision therein are written. *See* Ex. 2 ¶ 8. The provision provides that the situs of the arbitration shall be in Houston, Texas, U.S.A., *see id.*, and the United States is a signatory to the Convention, *see Beiser*, 284 F.3d at 666 n.2 ("Congress ratified the Convention in 1970 to provide United States citizens predictable enforcement of arbitral contracts in foreign courts."). The agreement contemplates that King & Spalding (in part through its partner, Smith) would provide legal services to Plaintiffs in exchange for a fee interest, an obviously commercial relationship. *See Allied-Bruce Terminix Cos. v. Dobson*,

4

513 U.S. 265, 268 (1995) (extending the Federal Arbitration Act's reach "to the limits of Congress' Commerce Clause power"); *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 250 (1st Cir. 2005) (requiring that the fee dispute between the attorney and client be arbitrated). Finally, Plaintiff Siag, a party to the Contract of Representation and the arbitration agreement therein, is a citizen of Lebanon and Italy. *See* Ex. 3 ¶ 4.[3] Accordingly, the binding arbitration agreement contained in the Contract of Representation between the parties to this suit falls under the Convention.

### B. Plaintiffs' State Court Claims "Relate To" the Arbitration Agreement

For this Court to have removal jurisdiction based on an arbitration agreement that falls under the Convention, the subject matter of the state court action must "relate to" the arbitration agreement. 9 U.S.C. § 205. The Fifth Circuit has emphasized that the phrase "relates to" results in an exceptionally "low bar" for removal—"the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Beiser*, 284 F.3d at 669. Furthermore, the question at the removal stage is not whether arbitration must be compelled; rather, the controlling question at the removal stage is simply whether the Convention gives Defendants the right to have the decision on arbitration made by a federal court. *Id.* at 671 ("The definition of 'relates to' we have adopted . . . keeps the jurisdictional and merits inquiries separate."). To invoke this removal right, Defendants need only show that the arbitration agreement "could *conceivably* affect the outcome of the plaintiff's case." *Id.* (emphasis in original). "As long as the defendant's assertion is not *completely absurd* or *impossible*, it is at least conceivable that the arbitration clause will impact the disposition of the case." *Id.* (emphasis added).

---

[3] Plaintiffs Touristic Investment & Hotels Management Company (SIAG) and Siag-Taba Company are companies incorporated under the laws of Egypt. *See* Ex. 3 ¶ 4. The remaining signatories to the arbitration agreement are also not United States citizens. *See id.*

5

The arbitration agreement in the Contract of Representation plainly relates to Plaintiffs' claims. The arbitration agreement is broad, with the parties agreeing to arbitrate any dispute "whether based on contract, tort, statute, regulations, or otherwise, arising out of or relating in any way to this Contract, the relationship of the parties, or the obligations of the parties," Ex. 2 ¶ 8, and the claims in Plaintiffs' Petition arise squarely out of that contractual relationship.

For instance, Plaintiffs plead that "at all times material, Smith was a partner, shareholder, representative, agent and/or associate attorney engaged in the practice of law at King & Spalding" and that "at all times material, Smith and King & Spalding . . . acted as attorneys for Plaintiffs." Ex. 1 at 2-3. That legal representation, as a matter of fact and as pleaded by Plaintiffs, was based on the Contract of Representation between the parties. *See id.* at 3-5. As to the claims themselves, Plaintiffs seek a declaratory judgment regarding the very contract that contains the arbitration provision falling under the Convention. *See id.* at 5-6. In addition, the negligence, fraud, and breach of fiduciary duty claims in Plaintiffs' Petition essentially all complain of the expenses incurred under the Contract of Representation. *See* Ex. 1 at Count 2 – Negligence ("(3) Negligently underestimating expenses of arbitration . . . . (7) Negligently failing to control expenses at a reasonable level in line with its own estimate of expenses."); *id.* at Count 3 – Fraud ("(1) Representing to Plaintiff that expenses of arbitration were reasonably estimated at $500,000"); *id.* at Count 4 – Breach of Fiduciary Duty ("[T]he attorney-client relationship created a fiduciary duty which required Smith and King & Spalding to exercise the highest degree of care, good faith, and honest dealing . . . . For that reason, the conduct of Smith and King & Spalding complained about herein above also constituted a breach of their fiduciary duty to Plaintiffs."). These claims, which rely on and complain about Defendants' performance under the Contract of Representation,

6

squarely arise out of that contract. Defendants low bar of showing that "it is at least conceivable" that the arbitration clause could impact the case is well cleared.

Regarding Plaintiffs' claim for a declaratory judgment that the Contract of Representation is void, *see id.* at 5-6, that allegation is expressly covered by the arbitration agreement. The agreement's terms require arbitration of the "*validity*, construction, [and] interpretation . . . of this Contract." Ex. 2 ¶ 8 (emphasis added). Such terms are enforceable. The Supreme Court and the Fifth Circuit have on numerous occasions held that the issue of a contract's validity must be submitted to the arbitrator as part of the underlying dispute. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-46 (2006) (holding that the defense that a contract was usurious falls to the arbitrator because an arbitrator "should consider the claim that a contract containing an arbitration provision is void for illegality"); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 472 (5th Cir. 2002) (reversing the district court's refusal to compel arbitration based on the defendant's defense that he lacked the mental capacity to execute the contract). Thus, it is at least conceivable—in fact, certain—that the arbitration provision governs this claim. The low bar for removal is again cleared. Because these claims are plainly subject to arbitration, Defendants have carried their burden of making a conceivable, non-frivolous assertion for purposes of removal that the arbitration clause could impact the case.[4]

---

[4] Plaintiffs also bring a claim alleging that the arbitration provision itself, as opposed to the contract as a whole, was fraudulently induced. *See* Ex. 1 at 8-9. That claim is a conspicuous, but ineffective, attempt to defeat a motion to compel arbitration. Importantly, the merits of that claim are not at issue at this removal stage. *See Beiser*, 284 F.3d at 671 ("The definition of 'relates to' we have adopted allows the district court to determine its jurisdiction from the 'petition for removal' itself, and keeps the jurisdictional and merits inquiries separate."). At the removal stage, it suffices that the arbitration provision "could conceivably affect the outcome of the case." *Id.* at 669; *see also id.* ("Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.").
  In any event, as Defendants will show in their forthcoming motion to compel arbitration, Plaintiffs' fraudulent inducement allegation is patently false—a King & Spalding partner *was not* a member of the board

7

In sum, a written, contractual relationship exists between Defendants and Plaintiffs, who are not United States citizens, in which the parties agree to submit to arbitration "any dispute, controversy, or claim, whether based on contract, tort, statute, regulations, or otherwise, arising out of or relating in any way to this Contract." Ex. 2 ¶ 8. Defendants, at the very least, make a conceivable, non-frivolous assertion that the Petition's claims "relate to" this broad arbitration agreement. Thus, under 9 U.S.C. § 205, Plaintiffs' state court lawsuit should be removed to this federal Court to decide whether to compel arbitration.

### III.  CONCLUSION

WHEREFORE, Defendants King & Spalding and Smith pray that the above action now pending in the 334th Judicial District Court of Harris County, Texas, be removed to the United States District Court for the Southern District of Texas and that said district court assume jurisdiction over this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

---

of directors of the London Court of International Arbitration at the time the parties entered the Contract of Representation. *See* Ex. 3 ¶ 5. Plaintiffs' fraudulent inducement claim relating specifically to the arbitration provision is, therefore, frivolous.

8

Respectfully submitted,

GIBBS & BRUNS, L.L.P.

By: _____
Robin C. Gibbs
Texas State Bar No. 07853000
So. Dist. Bar No. 4790
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

**ATTORNEY-IN-CHARGE FOR DEFENDANTS KING & SPALDING LLP AND REGINALD R. SMITH**

**Of counsel:**
Scott A. Humphries
Texas State Bar No. 00796800
Jeffrey C. Kubin
Texas State Bar No. 24002431
Anthony N. Kaim
Texas State Bar No. 24065532
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas   77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

9

## CERTIFICATE OF SERVICE

I certify that on this 8th day of February, 2010, a copy of this Notice of Removal with exhibits was sent via facsimile and first class mail to the following counsel of record:

Brett Wagner
Doherty & Wagner
13810 Champion Forest Dr., Suite 225
Houston, TX 77069
Facsimile: 281-583-8701

Mark W. Long
Mark W. Long & Associates
101 West 6th St., Suite 720
Austin, TX 78701
Facsimile: 512-322-2096

_____
Anthony N. Kaim