# EXHIBIT 1

Filed 10 January 11 P3:09
Loren Jackson - District Clerk
Harris County
ED101J015628695
By: Nelson Cuero

NO. ________________

| | | |
|---|---|---|
| WAGUIH SIAG, INDIVIDUALLY, AND AS REPRESENTATIVE OF TOURISTIC INVESTMENT & HOTELS MANAGEMENT COMPANY (SIAG), and SIAG-TABA COMPANY | § § § § § | IN THE DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| VS. | § § | |
| KING & SPALDING, LLP, AND REGINALD R. SMITH, INDIVIDUALLY | § § | ___ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT & DEMAND FOR JURY TRIAL**

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**COME NOW Waguih Siag, Individually, and As Representative of Touristic Investment and Hotels Management Company (SIAG) and SIAG-TABA Company**, Plaintiff herein, and brings this causes of action against **King & Spalding, LLP and Reginald R. Smith, Individually**, Defendants herein, and for cause of action would show unto the Court and Jury the following.

## 1. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because the amount in controversy exceeds $50,000.00.

## 2. PARTIES

Plaintiff, Waguih Siag ("SIAG"), an individual, is a resident of France, and is the representative of Touristic Investment and Hotels Management Company (SIAG) and SIAG-TABA Company.





Defendant, King & Spalding, L.L.P. ("King & Spalding"), is a law firm and limited liability partnership doing business in the State of Texas. Defendant, King & Spalding, L.L.P., can be served with citation herein by serving its registered agent, Robert E. Meadows, 1100 Louisiana Suite 4000, Houston, Texas 77002. However no service of process is needed at this time.

Defendant, Reginald R. Smith ("Smith"), is an attorney licensed to practice in the State of Texas who can be served with citation herein at his place of employment, King & Spalding, L.L.P., 1100 Louisiana Street, Suite 4000, Houston, TX 77002-5213, (713) 751-3226. However, no service of citation is needed at this time.

## 3. JURISDICTION AND VENUE

This Court has jurisdiction and venue over this case because Smith is a Texas resident, King & Spalding maintains a place of business in Harris County, Texas and/or the acts and omissions giving rise to Plaintiffs' claims occurred in Harris County, Texas. The damages being sought by Plaintiffs exceed the minimum jurisdictional limits of the Court.

All conditions precedent for the prosecution of the claims asserted herein have been performed or have occurred.

## 4. ATTORNEY-CLIENT RELATIONSHIP

At all times material, Smith was a partner, shareholder, representative, agent and/or associate attorney engaging in the practice of law at King & Spalding. All of the specific acts complained of herein below are attributable to the conduct of Smith, who was an attorney associated with King & Spalding as a partner, agent, servant, representative and/or employee. The liability and responsibility of Smith, as well as King & Spalding, is vicarious and joint and several, and, further, Plaintiffs plead the legal theory of respondeat superior as between Smith and King & Spalding. Also, at all times

material, Smith and King & Spalding, whether acting directly, or indirectly or vicariously through their partners, agents, servants, representatives and/or employees acted as attorneys for Plaintiffs. Likewise, Plaintiffs were clients of Smith and King & Spalding and were entitled to absolute fidelity from both Smith and King & Spalding because of their fiduciary duty to Plaintiffs..

## 5. FACTS

All of the allegations contained in the above paragraphs are re-alleged and incorporated herein as though they were fully set forth.

On August 23, 2004, at its offices in Houston, Harris County, Texas, Defendants drafted, entered into, and executed a contract of representation (the "contract") to provide legal services to Plaintiffs pertaining to a claim against the Arab Republic of Egypt ("Egypt"). The contract provided for a contingent attorney fee structure for King & Spalding of 20% of any arbitration award up to $50 million after arbitration on the merits and thereafter, 7 ½ % of any additional award over $50 million.

For expenses, the contract provided that the first $500,000.00 of arbitration expenses were to be initially covered by King & Spalding, and any expenses over $500,000.00 were to be paid by Plaintiffs, but would be paid by King & Spalding in the event Plaintiffs were not able to pay them. In any case, the contract provided that the incursion of expenses was within the sole discretion of King & Spalding. Ultimately, King & Spalding was entitled to reimbursement of all expenses they advanced out of any recovery. However, the contract further provided that for every $50,000.00 in expenses King & Spalding paid over $500,000.00, an additional 1% contingent fee shall be added to King & Spalding's attorney fee recovery. After assurances from King & Spalding to Plaintiffs that expenses of $500,000.00 were accurately estimated, Plaintiffs retained the services of King & Spalding under the terms described above.

At the conclusion of arbitration, Plaintiffs were awarded approximately $133 million. However, King & Spalding claimed a fee of over 80% of that sum. King & Spalding claimed this fee based largely on an alleged expenses in excess of $3,000,000.00, incurred at their sole discretion, thus triggering the contract's additional 1% contingent fee for every $50,000.00 over $500,000.00. By use of this unconscionable fee provision in the contract and the contract's provision for incursion of expenses at their sole discretion, King & Spalding attempted to collect a contingent attorney fee percentage from Plaintiffs of over 80% of their total recovery, but could have potentially made claim to more than 100% of Plaintiff's recovery should additional expenses be incurred. Such a fee is unconscionable as a matter of law.

After Plaintiffs were awarded a favorable judgment in arbitration, Egypt moved to annul the arbitration award on various grounds. At this point, knowing that King & Spalding was already claiming over 80% of their total recovery and fearing that further representation by King & Spalding to fight the annulment and proceed with collection efforts as King & Spalding recommended was nearly certain to require Plaintiffs to forfeit their entire $133 million recovery to King & Spalding, Plaintiffs negotiated a settlement with Egypt for $80 million, thereby causing Plaintiff damages of $53 million in lost recovery. If King & Spalding had not negligently, nor alternatively, maliciously, drafted their fee contract in such a way as to provide for a potential 100% contingency fee recovery, negligently failed to control expenses of litigation, and/or effectively communicate with Plaintiffs regarding expenses during the pendency of the arbitration, Plaintiffs would not have been forced to prematurely settle with Egypt giving up $53 million to save the possibility of retaining at least a fraction of its own recovery from arbitration. King & Spalding's negligent and/or fraudulent

representation placed Plaintiffs in the incredibly unenviable position of having to realize the risk of losing $53 million to Egypt or $133 million to King & Spalding.

## 6. COUNT 1 – SUIT FOR DECLARATORY RELIEF

All of the allegations contained in the above paragraphs are re-alleged and incorporated herein as though they were fully set forth.

Plaintiffs are entitled to a declaratory judgment that the entire contract is void because provisions contained therein violate and/or in contravention to Article X, Section 9 of the State Bar Rules, Texas Disciplinary Rules of Professional Conduct. Specifically, restrictions on settlement authority, provisions that are punitive in nature in the event of client's termination of the underlying action, and the lawyers' unfettered and unrestricted authority regarding incurring expenses (for which the lawyers would never be responsible, in any event) and thus increasing their fee creates in effect a proprietary interest on the lawyers' behalf in the client's claim and/or a statutorily impermissible retention of settlement authority, all of which violate at least Sections 1.02, 1.04, 1.06 and 1.08 of the above identified portion of the Texas Disciplinary Rules of Professional Conduct. As such, the fee contract in question is void and unenforceable.

Alternatively, Plaintiffs are entitled to a declaratory judgment that the entire contract is unconscionable and voidable at Plaintiffs' election because:

(1) King & Spalding took unfair advantage of Plaintiffs' limited cash resources in negotiating the contingent attorney fee and expense structure in the contract;

(2) King & Spalding attempted to collect a contingent fee interest in Plaintiffs' arbitration recovery of over 80%;

(3) King & Spalding negotiated and drafted a grossly unfair contingent attorney fee structure in the contract for legal representation in an arbitration claim with virtually no risk of loss on its merits;

(4) King & Spalding negotiated and drafted a contingent attorney fee structure and arbitration expense calculation tie-in that provided incentive for inflation of expenses in order to reap a potentially unlimited contingent fee percentage;

(5) The purpose of the contract and Plaintiffs' retention of King & Spalding, to recover damages from Egypt, was completely nullified by the effect of the virtually limitless contingent attorney fee and expense tie-in structure in the contract;

(6) King & Spalding did incur unnecessary expenses in arbitration by converting a fact witness into an expert witness, thus paying expert witness fees and expenses;

(7) King & Spalding incurred unnecessarily high expenses of over $1,000,000.00 for expert witnesses related to valuation of property that had already been examined by previous experts at a small fraction of the cost and when other competent expert witness testimony and evaluation was available at a small fraction of the cost;

(8) Insofar as King & Spalding incurred $1,000,000.00 for expert witnesses on valuation for Plaintiff's arbitration claims, King & Spalding took unfair advantage of their sole discretion to incur fees on Plaintiff's behalf for a cause of action that had virtually no chance of success;

(9) King & Spalding incurred unnecessarily high expenses of over $100,000.00 to research Egypt's assets at two banks when this information was readily available publicly by a simple internet search at no cost whatsoever;

(10) King & Spalding made no effort to maintain expenses in line with its original $500,000.00 estimate by reasonably informing Plaintiffs as to facts and expectations material to their representation of Plaintiffs; and

(11) King & Spalding negotiated and drafted a grossly unfair settlement consent provision in the contract that effectively granted King & Spalding an impermissible proprietary interest in Plaintiffs' cause of action by fixing the basis of King & Spalding's contingent fee percentage on settlement offers regardless of actual settlement value or recovery.

**7. COUNT 2 – NEGLIGENCE**

Specifically, Plaintiffs would show the following errors and/or omissions collectively and

each in the alternative as to the conduct of Smith and King & Spalding in their legal representation of Plaintiffs:

(1) Negligently negotiating and drafting a continency attorney fee contract with an expense tie-in provision that allowed for payment of an unlimited contingency fee percentage of Plaintiffs' total arbitration recovery in addition to full recovery of any advanced expenses;

(2) Negligently failing to recognize the conflict of interest the contract created in its attorney-client relationship with Plaintiffs;

(3) Negligently underestimating expenses of arbitration at $500,000.00 when the actual expenses resulted in over $3,000,000.00;

(4) Negligently failing to properly communicate its incursion of expenses to Plaintiffs at reasonable and material points in its representation of Plaintiffs;

(5) Negligently failing to inform Plaintiffs of the advisability of retaining independent counsel to advise them as to the potential effect of the contract;

(6) Negligently failing to fully and adequately advise Plaintiffs of the effect of the expense tie-in's relationship and potential effect on the ultimate potential attorneys fee for King & Spalding;

(7) Negligently failing to control expenses at a reasonable level in line with its own estimate of expenses and expense "cap" in the contract;

(8) Negligently failing to search for and retain expert witnesses at a reasonable rate that would comport with its own estimate of expenses and expense "cap" in the contract;

(9) Utilizing their sole discretion to incur expenses in order to negligently incur $1,000,000.00 in expenses for expert witnesses on property valuation to pursue a claim in arbitration with virtually no chance of success after their $500,000.00 expense cap had already been reached;

(10) Negligently failing to make use of a witness in his capacity as a fact witness instead of incurring the expense of the same witness as a retained expert;

(11) Negligently failing to make use of previous expert witnesses, their reports, and evaluations that were already paid for by Plaintiffs in litigation leading up to the arbitration for which King & Spalding were hired;

(12) Negligently failing to make use of free and relatively easy to execute internet searches of Egypt's assets in two banks, but instead paying an individual over $100,000.00 to do same;

(13) Negligently failing to recognize that drafting and negotiating a fee structure with Plaintiffs such as they did would likely put Plaintiffs in the position of risking the loss of 100% of its arbitration award in exchange for prematurely settling with Egypt for $53 million less than its arbitration award;

## 8. COUNT 3 – COMMON LAW FRAUD & FRAUDULENT INDUCEMENT

Specifically, Plaintiffs would show the following acts collectively and each in the alternative as to the conduct of Smith and King & Spalding in their legal representation of Plaintiffs:

(1) Representing to Plaintiff that expenses of arbitration were reasonably estimated at or near $500,000.00;

(2) King & Spalding knew that such a low estimate for expenses was not a true estimate of expenses;

(3) King & Spalding estimated expenses of $500,000.00 recklessly, as a positive assertion, and without knowledge of the estimate's truth;

(4) King & Spalding knew, or reasonably should have known, that its accurate estimate of expenses was critical to Plaintiff's decision to retain King & Spalding because King & Spalding's contingency fee interest was tied directly and effected dramatically by King & Spalding's incursion of expenses;

(5) King & Spalding made their fraudulently low estimate of expenses fully intending that Plaintiff rely on such estimate inducing them to retain King & Spalding's services on the contingency fee and expense tie-in terms offered;

(6) Plaintiff did in fact rely on King & Spalding's estimate of expenses and retained the services of King & Spalding for representation in arbitration by signing a contingent fee agreement with King & Spalding;

(7) King & Spalding's fraudulently low estimate of expenses caused Plaintiff injury.

Alternative and in addition, King & Spalding's unconscionable contract included an arbitration clause that provided for all disputes arising out of the contract to be arbitrated under the authority

and oversight of the London Court of International Arbitration ("LCIA"). Plaintiff was fraudulently induced to agree to this arbitration clause because King & Spalding fraudulently failed to disclose that one of its own partners is, and was at the time of the arbitration agreement's execution, a member of the LCIA's board of directors. Because of King & Spalding's fiduciary duties owing to Plaintiff, such a blatant conflict of interest should certainly have been disclosed to Plaintiff by King & Spalding before execution of the arbitration agreement. Had King & Spalding disclosed this material, gross, and continuing conflict of interest to Plaintiffs before execution of the arbitration agreement, Plaintiffs would never have agreed to it. Instead, Plaintiff reasonably relied on King & Spalding's fiduciary duty to disclose these very types of material facts and conflicts of interest related to their representation and agreed to the arbitration clause. Plaintiff has now incurred damages by King & Spalding's attempts to invoke the authority of the LCIA to institute arbitration proceedings pursuant to their unconscionable and fraudulently induced arbitration agreement.

Alternatively, to the extent members of King & Spalding assumed director positions with LCIA or a person or persons with an existing association with LCIA become members/partners of King & Spalding, after King & Spalding formed an attorney client relationship with Plaintiff, King & Spalding failed to disclose this information and the conflict created thereby to its client. Such failure to disclose information material to representation is tantamount to fraud and, independently and in conjunction with other grounds raised herein, is a breach of fiduciary duty and a conflict of interest which precludes the enforceability of the arbitration provisions in question, as well as the fee contract as a whole.

**9. COUNT 4 – BREACH OF FIDUCIARY DUTY**

Alternatively, and without waiving the foregoing, at all times material to Smith's and King & Spalding's representation of Plaintiffs, the attorney-client relationship created a fiduciary duty which required Smith and King & Spalding to exercise the highest degree of care, good faith, and honest dealing, and obligating them to commit no act of deception or misrepresentation no matter how slight. For that reason, the conduct of Smith and King & Spalding complained about herein above also constitutes a breach of their fiduciary duty to Plaintiffs. Specifically, King & Spalding's failure to disclose the clear conflict of interest of including an arbitration agreement in the contract that provided for arbitration under the authority and oversight of the LCIA while also having one of their own partners serving on the board of the LCIA and King & Spalding's failure to disclose the unconscionable nature of their fee interest in Plaintiff's claims, constitute breaches of King & Spalding's fiduciary duties to Plaintiff. Additionally, it was a further breach of fiduciary duty for King & Spalding to fail to disclose to Plaintiff that King & Spalding intended, by various provisions in the contract, to charge Plaintiff an unconscionable fee. Such breaches entitle Plaintiffs to actual damages, as well as to a forfeiture of legal fees paid or owing to Smith and King & Spalding.

## 10. DAMAGES

All of the allegations contained in the above paragraphs are re-alleged and incorporated herein as though they were fully set forth.

**Actual Damages**

Regarding the causes of action and conduct alleged above, Plaintiffs have sustained actual losses which were proximately caused by the joint conduct of Defendants. Said losses exceed the

minimum jurisdictional limits of this Court. After completion of discovery, Plaintiffs will amend its pleadings in order to indicate more specifically the damages suffered.

**Punitive Damages**

Regarding the causes of action and conduct alleged above, Plaintiffs are entitled to punitive damages against Defendants. After completion of discovery, Plaintiffs will amend its pleadings in order to indicate more specifically the amount of punitive damages sought.

**Fee Forfeiture**

As a result of Defendants' breach of fiduciary duty described above, Plaintiffs are entitled to an hereby request a judgment that Defendants have forfeited any attorneys' fee, whether collected or claimed, arising out of its representation of Plaintiffs pursuant to the contract.

## 11. ATTORNEY'S FEES

Plaintiffs are entitled to recover reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice & Remedies Code section 37.009 because this is a suit for declaratory relief.

## 12. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## 13. PRAYER

For these reasons, Plaintiffs asks that Defendants be cited to appear and answer and the court declare the contract void and unenforceable. In addition, Plaintiffs ask for the following damages: that judgment be entered for Plaintiffs against these Defendants, jointly and severally, that costs of court be taxed against the Defendants, that Plaintiff have prejudgment as well as post-judgment interest, and for such other and further relief, at law and in equity, to which Plaintiff may show

themselves to be justly entitled, to which the Court believes them deserving, and for which they will ever pray.

Respectfully submitted,
DOHERTY ✯ WAGNER

/s/ Brett Wagner
BRETT WAGNER - SBN: 20654270
brett@dlwlawyers.com
13810 Champion Forest Drive Suite 225
Houston, Texas 77069
281-583-8700 — 281-583-8701-Fax

- and -

MARK W. LONG & ASSOCIATES
Mark W. Long - SBN: 129214950
101 West 6th Street Suite 720
Austin, Texas 78701
512-329-5005 — 51-322-2096-Fax

ATTORNEYS FOR PLAINTIFFS