IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAGUIH SIAG, INDIVIDUALLY, AND AS REPRESENTATIVE OF TOURISTIC INVESTMENT & HOTELS MANAGEMENT COMPANY (SIAG) and SIAG-TABA COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>KING & SPALDING LLP and REGINALD R. SMITH<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 4:10-CV-367 |

**DEFENDANTS' SURREPLY TO
PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SECOND SUR-REPLY
OR, ALTERNATIVELY, FOR LEAVE TO RESPOND TO
DEFENDANTS' SECOND SUR-REPLY**

Defendants King & Spalding LLP and Reginald Smith (collectively, "K&S") file this surreply to address a case *from this Court* that Plaintiffs cite and discuss for the first time in their reply brief and that they argue addresses matters at issue in K&S's motion to compel arbitration. *See* Dkt. No. 33 (Plaintiffs' reply brief discussing new case). In this surreply, K&S *briefly* distinguishes Plaintiffs' newly cited case.

**I.    LEAVE TO FILE SURREPLY**

To the extent necessary or required by this Court, K&S respectfully requests leave to file this surreply. Plaintiffs spew much procedural vitriol regarding the briefing filed in this matter. For the record, K&S simply states that it has not filed any brief with this Court to "have the last word" or otherwise unnecessarily enlarge the paper record; rather, all briefs have been filed in good faith.

1

II. *DEAN WITTER V. CLEMENTS O'NEILL* IS DISTINGUISHABLE AND INAPPLICABLE

For the first time in any of their briefing regarding K&S's motion to compel arbitration, Plaintiffs cite this Court's unpublished opinion in *Dean Witter Reynolds, Inc. v. Clements, O'Neill, Pierce & Nickens, L.L.P.*, Civ. No. H-99-1882 (S.D. Tex. Sept. 8, 2000) (not available on Westlaw). That case is distinguishable and inapplicable for at least the following reasons:

A. **As a Matter of Contract, the Siags Agreed to Arbitrate All Possible Disputes With King & Spalding**

The Contract of Representation among the Siags and K&S provides for arbitration of "any dispute . . . as well as any dispute regarding jurisdiction or arbitrabilty . . . it being the intention of the parties that this is a broad form arbitration agreement designed to encompass all possible disputes among [them]." *See* Dkt. No. 2 at Ex. 2 ¶ 8 (Contract of Representation). The Siags claims against K&S all arise out of and are subject to the Contract of Representation, as extensively briefed by K&S. *See* Dkt. No. 2 (K&S's Motion to Compel Arbitration); Dkt. No. 19 (K&S's Reply in Support of Motion to Compel Arbitration).

In contrast, in *Dean Witter*, this Court refused to send a dispute to arbitration for the fundamental reason that there existed no arbitration agreement between the parties to the dispute. *See Dean Witter* at 5 ("The Court finds that arbitration of the present dispute between Dean Witter and Clements O'Neill is not appropriate because Dean Witter never contracted to arbitrate its disputes against Clements O'Neill."). This Court's opinion in *Dean Witter* is therefore factually distinct.

B. **The Disqualification Proceedings At Issue In *Dean Witter* Involved a Direct Application of the Texas Disciplinary Rules of Professional Conduct—The Siag's Common-Law Malpractice Claims Do Not**

The *Dean Witter* opinion also addressed whether courts are obligated to retain and rule on attorney disqualification disputes. *See Dean Witter* at 6-8. This Court held that because a

2

disqualification proceeding involves application of the Code of Professional Responsibility and Disciplinary Rules, the responsibility falls to the courts, and not arbitrators, to interpret and apply those rules. *See id.* This ruling is consistent with the nature of disqualification proceedings. As noted by the Fifth Circuit in *In re American Airlines*, "disqualification cases are governed by state and national ethical standards adopted by the court." 972 F.2d 605, 610 (5th Cir. 1992). Indeed, disqualification proceedings in Texas involve direct application of Texas Disciplinary Rules of Professional Conduct 1.06 through 1.09, as seen in both *Dean Witter* and *In re American Airlines*. *See Dean Witter* at 9-10 (block quoting and applying Rule 1.09); *In re American Airlines*, 972 F.2d at 614-15 (same).

In contrast, the Siags bring common-law legal malpractice causes of action, which are not governed, but merely informed, by the Texas Disciplinary Rules: "These rules ***do not*** undertake to define standards of civil liability for lawyers for professional conduct. Violation of a rule ***does not give rise to*** a private cause of action nor does it create any presumption that a legal duty to a client has been breached." TEX. DISCIPLINARY RULES OF PROF'L CONDUCT at "Preamble: Scope" cmt. 15 (emphasis added). Therefore, a court's obligation to enforce the Disciplinary Rules in a disqualification proceeding does not translate over to a similar obligation in legal malpractice actions; rather, legal malpractice actions are routinely compelled to arbitration in Texas. *See, e.g., Pham v. Letney*, 2010 WL 727550, at *7 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (holding that "an agreement to arbitrate, does not, in fact, limit a party's liability [for legal malpractice]; it merely denominates a procedure for determining that liability"); *Abdel Hakim Labidi v. Sydow*, 287 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) ("Contrary to Labidi's suggestion, even disputes between a lawyer and client that involve their contract, the attorney-client relationship, or services rendered or fees charged to the client are

3

properly referable to arbitration.").[1] Accordingly, the discussion in *Dean Witter* regarding disqualification proceedings does not control cases, such as this one, involving common-law legal malpractice causes of action.[2]

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that (a) Plaintiffs' motion to strike (Dkt. No. 28) be denied and (b) Defendants' motion to compel arbitration (Dkt. No. 2) be granted.

---

[1] Texas law controls this proceeding. *See* Dkt. No. 2 at Ex. 2 ¶ 7 (Contract of Representation) ("[A]ll rights and obligations of the parties to this Contract shall be governed by Texas law, without regard to the choice of law rules of Texas."). Plaintiffs nevertheless cite New York case law. *See* Dkt. No. 15 at 20-21 (Response in Opposition to Motion to Compel) (citing *In re R3 Aerospace, Inc.*, 927 F. Supp. 121 (S.D.N.Y. 1996); *Bidermann Indus. Licensing, Inc. v. Avmar*, 570 N.Y.S.2d 33 (N.Y. App. Div. 1991); *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1452 (E.D.N.Y. 1985)). These New York cases are legally inapposite to this dispute governed by Texas law. But even if New York case law could be considered, the cited cases are unavailing. The *In re Agent Orange* court could not compel arbitration because it had a statutorily mandated duty pursuant to Federal Rule of Civil Procedure 23(e) to oversee an attorneys' fee dispute in a class action settlement. *See* 611 F. Supp. at 1458. Regarding *R3 Aerospace* and *Bidermann*, both involved attorney disqualification proceedings, as distinct from legal malpractice common law causes of action. As in Texas, disqualification proceedings in New York involve direct application of disciplinary rules, which the courts are obligated to interpret and apply. *See Bidermann*, 570 N.Y.S.2d at 402; *In re R3 Aerospace*, 927 F. Supp. at 125. But also as in Texas, New York courts regularly compel legal malpractice and other common-law causes of action between an attorney and client to arbitration. *See, e.g., Edelman v. Marek*, 1992 WL 321715, at *7-8 (S.D.N.Y. 1992) (compelling arbitration of a former client's claims of malpractice and breach of fiduciary duty against her former attorney); *Monahan v. Paine Webber Group, Inc.*, 724 F. Supp. 224, 227 (S.D.N.Y. 1989) (compelling arbitration of a client's legal malpractice claim against his attorney over the plaintiff's objection that arbitrators are not competent to determine claims of legal malpractice). Under either Texas or New York law, this case should be compelled to arbitration.

[2] To be clear, in this case, there is no alleged conflict of interest among any of the attorneys or clients involved. The only conflict allegation is that certain members of the LCIA's governing body (who are not participating in the LCIA arbitration at issue *in any way* as expressly represented and warranted by the LCIA to the sole arbitrator in the parties' LCIA arbitration) have an alleged conflict with the Siags. Such a claim is not a disqualification proceeding. In any event, K&S has filed an extensive Submission on Jurisdiction with the LCIA responding to all of the Siags' objections to the LCIA's jurisdiction that have been raised in this Court and with the LCIA directly. If the Court would like a copy of that pleading and accompanying evidence, K&S would be pleased to submit it for the Court's *in camera* review.

Respectfully submitted,

GIBBS & BRUNS, L.L.P.

By: _____
Robin C. Gibbs
Texas State Bar No. 07853000
So. Dist. Bar No. 4790
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

**ATTORNEY-IN-CHARGE FOR DEFENDANTS KING & SPALDING LLP AND REGINALD R. SMITH**

**OF COUNSEL:**
Scott A. Humphries
Texas State Bar No. 00796800
Jeffrey C. Kubin
Texas State Bar No. 24002431
Anthony N. Kaim
Texas State Bar No. 24065532
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas  77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of April, 2010, a copy of this pleading was sent via facsimile and first class mail to the following counsel of record:

Brett Wagner
Doherty & Wagner
13810 Champion Forest Dr., Suite 225
Houston, TX 77069
Facsimile: 281-583-8701

Mark W. Long
Mark W. Long & Associates
101 West 6th St., Suite 720
Austin, TX 78701
Facsimile: 512-322-2096

Mishcon de Reya New York LLP
James J. McGuire
Vincent Filardo, Jr.
200 Park Avenue, 44th Floor
New York, NY 10166
Facsimile: 212-612-3297

Anthony N. Kaim