**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WAGUIH SIAG, INDIVIDUALLY, AND** | § | |
| **AS REPRESENTATIVE OF TOURISTIC** | § | |
| **INVESTMENT & HOTELS** | § | |
| **MANAGEMENT COMPANY (SIAG) and** | § | |
| **SIAG-TABA COMPANY** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:10-cv-2096** |
| | § | **(Judge Hittner)** |
| **KING & SPALDING LLP and** | § | |
| **REGINALD R. SMITH** | § | **Related Action to Civil Action** |
| | § | **No. 4:10-cv-367** |
| **Defendants.** | § | **(Judge Harmon)** |

**DEFENDANTS' EMERGENCY MOTION TO TRANSFER CASE**
**TO COURT IN WHICH RELATED ACTION IS PENDING**
**OR, IN THE ALTERNATIVE, TO CONSOLIDATE CASES**

Defendants King & Spalding and Reginald R. Smith respectfully request that Judge Hittner transfer this proceeding to Judge Melinda Harmon's court, where a related action between the same parties and presenting the same issues has been pending since January 2010: Civil Action No. 4:10-cv-367; *Waguih Siag, et al. vs. King & Spalding LLP and Reginald R. Smith*. In the alternative, Defendants request that Judge Harmon consolidate these related cases.[1]  This is an emergency request, because Judge Hittner has set an injunction hearing in this matter for Thursday, June 24, 2010 at 2 p.m.

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

This fee dispute belongs, per the unambiguous contract between the parties, in arbitration. Unhappy with King & Spalding's decision to honor its contract by making its fee claim against them in the proper arbitral forum, Plaintiffs—King & Spalding's former clients—have filed not one

---

[1] Defendants have filed this Emergency Motion to Transfer or Consolidate in both related cases.

but two separate collateral attacks on the arbitration in Harris County District Court. Upon removal, the first was assigned to Judge Harmon in January 2010, where several motions (including a motion to compel arbitration) have been briefed and are pending. *See* Civil Action No. 4:10-cv-367. Earlier this week, Plaintiffs' second Harris County lawsuit collaterally attacking the arbitration was, upon removal, assigned to Judge Hittner. The cases belong together. *See* Civil Action No. 4:10-cv-2096.

Plaintiffs' latest case (in Judge Hittner's court), like pending Civil Action No. 4:10-cv-367 (in Judge Harmon's court), arises out of a fee dispute. Plaintiffs in these related actions—the same King & Spalding former clients are plaintiffs in both actions—took advantage of five years of King & Spalding's representation of them by secretly settling their arbitral dispute against the Arab Republic of Egypt, pocketing the entire $80,000,000 settlement proceeds without telling King & Spalding, then refusing to pay one penny of the contingent legal fee to which King & Spalding is entitled. By settling behind King & Spalding's back and refusing to pay their legal fees, Plaintiffs breached the written Contract of Representation between the parties by, among other things, not abiding the Contract's requirement that "any payment of a settlement or judgment by Egypt shall be made into a client escrow account maintained by K&S" and, of course, effectively stealing King & Spalding's contingency fee interest in the dispute. *See* Ex. 1 (Contract of Representation).

### King & Spalding's Claim in Arbitration

Once it realized its client had no intention to pay its legal fees, King & Spalding, pursuant to the arbitration agreement contained in the Contract of Representation,[2] filed a Request for

---

[2] The Contract of Representation's arbitration provision states: "Any dispute, controversy or claim, whether based on contract, tort, statute, regulations, or otherwise, arising out of or relating in any way to this Contract, the relationship of the parties, or the obligations of the parties, including without limitation, any dispute as to the existence, validity, construction, interpretation, negotiation, fraud-in-the-inducement, performance, non-performance, breach, termination, or enforceability of this Contract, as well as any dispute regarding jurisdiction or arbitrability, shall be resolved through final and binding arbitration, it being the intention of the

Arbitration in the London Court of International Arbitration ("LCIA") on December 10, 2009, seeking compensation for Plaintiffs' breach of the Contract of Representation. *See* Ex. 2 (LCIA Request for Arbitration). That arbitration is currently pending and, to date, on account of Plaintiffs' brazen dissipation of the settlement proceeds, has resulted in an Interim Order requiring Plaintiffs to post significant security to protect the settlement proceeds while the arbitration progresses. *See* Ex. 3 (Interim Order).

### Plaintiffs' Texas State Court Lawsuit #1, Removed in January 2010 to Judge Harmon's Court

A month later, in an end run around their unambiguous agreement to arbitrate the dispute, on January 11, 2010, Plaintiffs filed their first Harris County state court action against King & Spalding and Reggie Smith, a King & Spalding partner. *See* Ex. 4 (first state court petition). In the Petition, Plaintiffs effectively allege counterclaims to the fee claim made by King & Spalding in the arbitration, alleging the Contract of Representation is void, *see id.* at 5-6, and that Defendants breached their duties under the Contract of Representation, *see id.* at 6-10. King & Spalding removed the case to federal Court based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208 (the "Convention"), see Ex. 5 (Notice of Removal, Dkt. No. 1 in Civil Action No. 4:10–cv–367), and moved to compel arbitration because, pursuant to the broad arbitration agreement in the Contract of Representation, Plaintiffs had agreed to arbitrate "[a]ny dispute, controversy or claim . . . arising out of or relating in any way to this Contract, the relationship of the parties, or the obligations of the parties," see Ex. 1 ¶ 8; *see also* Ex. 6 (Motion to Compel Arbitration, Dkt. No. 2 in Civil Action No. 4:10–cv–367). Defendants' motion to compel arbitration is currently pending and fully briefed before Judge Harmon—and, as Plaintiffs'

---

parties that this is a broad form arbitration agreement designed to encompass all possible disputes among the parties relating to K&S's representation of SIAG in connection with the Dispute. This right to arbitrate the disputes, claims, or controversies under this Contract shall survive the termination of this agreement." Ex. 1 ¶ 8.

Emergency Motion for Temporary Restraining Order and Preliminary Injunction suggest, Judge

Harmon's decision on that motion "*will necessarily determine the arbitrability of the matter . . . .*"

*See* Ex. 7 at 3 (Emergency Motion, Dkt. No. 7 in Civil Action No. 4:10–cv–2096) (emphasis

added).

**Plaintiffs' Texas State Court Lawsuit #2,**
**Removed in January 2010 to Judge Harmon's Court**

Notwithstanding that acknowledgment, and plainly forum-shopping, Plaintiffs again

returned to Harris County state court and filed the present pleadings—their second Harris County

state court action against King & Spalding and Smith—on June 15, 2010. *See* Ex. 9 (Memorandum

of Law, Dkt. No. 1, Ex. 2 in Civil Action No. 4:10-cv-2096). In it, Plaintiffs collaterally attack

King & Spalding's claims in the LCIA arbitration by challenging the LCIA's jurisdiction once

again. *Id.* at 10-28, 34.

## II.   THE RECENTLY-FILED FEDERAL ACTION SHOULD BE TRANSFERRED TO THE COURT OF THE FIRST-FILED RELATED ACTION, OR THE TWO RELATED FEDERAL ACTIONS OUGHT TO BE CONSOLIDATED

Both iterations of Plaintiffs' collateral attack on the proceeding before the London Court of

International Arbitration ought to be heard together before Judge Harmon, who presides over the

first-filed related action. The cases belong together because (i) they seek almost identical relief,

based on similar allegations, (ii) they involve common questions of law and fact, (iii) consolidated

treatment of the cases would be efficient, and (iv) Plaintiffs in their second action (now before

Judge Hittner) expressly (yet improperly) rely as justification for their proposed TRO on the notion

that Judge Harmon will rule in their favor in the first action.

Through their efforts to find what they believe to be a more favorable forum than the one to

which they expressly agreed in their contract with King & Spalding, Plaintiffs now have two actions

pending in federal court requesting almost identical relief based on common questions of law and

4

fact. In both the first-filed action pending before Judge Harmon and in the recently-filed action now pending before Judge Hittner, the Plaintiffs ask both federal courts to, among other things, (1) determine and declare the London Court of Arbitration to be a biased, partial forum, (2) consider and declare the Contract of Representation's arbitration clause unenforceable, and (3) determine whether the dispute between the parties is otherwise arbitrable. In fact, Plaintiffs have simply cut and pasted half a dozen pages of their Motion to Remand in Judge Harmon's court, *see* Ex. 8 at 23-28 (Plaintiffs' Response in Opposition to King & Spalding's Motion to Compel Arbitration, Dkt. No. 15 in Civil Action No. 4:10-cv-367), into their Memorandum of Law seeking relief in Judge Hittner's court, *see* Ex. 9 at 17-23.[3]

Further, in their Emergency Motion before Judge Hittner seeking to stay an interim order for security entered in the arbitration by the LCIA, Plaintiffs suggest that Judge Harmon's decision on the motions pending before her "will necessarily determine the arbitrability" of Plaintiffs' claims and the LCIA's jurisdiction over those claims. *See* Ex. 7 at 3. The same factual allegations support Plaintiffs' requests in both courts, and it would be inefficient to ask two courts to address the issues independently. *See id.*; *see also* Ex. 8.

Moreover, the Emergency Motion's TRO and TI claims pending in Judge Hittner's court are based, in large part, on Plaintiffs' argument that "[i]t is highly likely that Movants will succeed on the merits of the . . . motion to remand pending before [Judge Harmon in] the Houston Federal Court." *See* Ex. 9 at 31. Basically, Plaintiffs are now asking Judge Hittner to grant them a temporary restraining order and injunction on the issues already pending before Judge Harmon, and,

---

[3] Each of these issues provides the basis for the consolidation of these cases under Federal Rule of Civil Procedure 42(a) ("If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions."). *See also In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270-71 (5th Cir. 1974) ("District courts have broad discretion . . . to consolidate causes pending in the same district. . . . Since the actions presented common issues of law and fact, consolidation saved the parties from wasteful relitigation in disparate forums, avoided duplication of judicial effort, and did not prejudice [a party's] right.").

incredibly, arguing that the basis for that TRO is Plaintiffs' own *belief* that Judge Harmon will decide in their favor on those issues. This bold (but improper and misguided) tactic strongly supports simply placing all the issues before Judge Harmon, who is already considering them.

## III.   PRAYER

For the reasons set forth above, and because having only one court deal with the intertwined issues advanced in both Plaintiffs' first and second collateral attacks on the LCIA arbitration proceeding promotes judicial efficiency, King & Spalding and Smith request that Judge Hittner transfer this action to Judge Harmon's court, where the prior-filed, related action involving the same parties, subject matter, and legal issues is already pending.

In the alternative, Defendants request that Judge Harmon consolidate the two actions pursuant to Federal Rule of Civil Procedure 42(a).

Respectfully submitted,

GIBBS & BRUNS, L.L.P.

By: _____ *Robin C. Gibbs by permission* *Scott*

Robin C. Gibbs
Texas State Bar No. 07853000
So. Dist. Bar No. 4790
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

**ATTORNEY-IN-CHARGE FOR DEFENDANTS KING & SPALDING LLP AND REGINALD R. SMITH**

**Of counsel:**
Scott A. Humphries
Texas State Bar No. 00796800

Jeffrey C. Kubin
Texas State Bar No. 24002431
Anthony N. Kaim
Texas State Bar No. 24065532
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas   77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

## CERTIFICATE OF CONFERENCE

I certify that on this 18th day of June, 2010, I contacted opposing counsel regarding the relief requested in this motion and opposing counsel indicated that they could not respond until Monday, June 21, 2010.

_____
Scott A. Humphries

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2010, a copy of this Motion to Transfer or Consolidate

Cases was sent via facsimile to the following counsel of record:

Brett Wagner
Doherty & Wagner
13810 Champion Forest Dr., Suite 225
Houston, TX 77069
Facsimile: 281-583-8701

Mark W. Long
Mark W. Long & Associates
101 West 6th St., Suite 720
Austin, TX 78701
Facsimile: 512-322-2096

MISCHCON DE REYA NEW YORK
James J. McGuire
200 Park Avenue, 44th Floor
New York, NY  10016
Facsimile: 212-612-3297

Anthony N. Kaim