## CONTRACT OF REPRESENTATION

Waguih Siag, Mona Siag, Clorinda Vecchi, Touristic Investment & Hotels Management (SIAG) S.A.E., and Siag-Taba Co. (collectively, "SIAG") employ King & Spalding LLP ("K&S") pursuant to the terms and conditions set forth below to represent SIAG in a claim against the Arab Republic of Egypt ("Egypt") for its wrongful interference with SIAG's contractual rights under the Sales Contract, dated January 4, 1989, between Touristic Investment & Hotels Management (SIAG) S.A.E. and the Ministry of Tourism of the Arab Republic of Egypt for the purchase and development of property in Taba, Egypt (the "Dispute").

1. **Scope of Legal Services.**

    (A) *Diligence Period.* K&S will promptly commence its factual and legal investigation of the claims of SIAG against Egypt. K&S shall have sixty (60) days from the effective date of this Contract to determine whether it wishes to continue to represent SIAG based upon its diligence. If K&S concludes for any reason whatsoever in its sole discretion at the conclusion of this sixty (60) day period that it does not wish to continue to represent SIAG, K&S may terminate this Contract and all of its obligations hereunder by sending written notice to SIAG.

    (B) *Initiation of Arbitration.* If as a result of its factual and legal investigation K&S recommends to SIAG that a good faith basis exists for bringing claims against Egypt, K&S will initiate an arbitration on behalf of SIAG against Egypt pursuant to the applicable arbitration rules (which may require written notice to Egypt in advance of the filing of a request for arbitration), pursue the arbitration, represent SIAG with respect to any subsequent appeals or annulment proceedings, and represent SIAG in all settlement negotiations with Egypt (both before and after initiating arbitration).





1

**EXHIBIT 1**

(C) <u>Co-counsel</u>. K&S will have primary responsibility for the legal representation, and it shall serve as lead counsel for SIAG. SIAG has indicated that it intends to retain attorney Todd Weiler to assist K&S in connection with the representation. SIAG will be solely responsible for satisfying the fees and expenses of Mr. Weiler.

2. <u>Contingency Fee</u>. In consideration for the services rendered and to be rendered by K&S in the prosecution of its claims, SIAG sets over and assigns to K&S a fee interest to be determined as follows:

(A) <u>Settlement Before Filing of Request for Arbitration ("RFA")</u> – If SIAG settles the Dispute with Egypt between the effective date of this Contract and date on which K&S files a RFA on behalf of SIAG, K&S's fee interest will be five (5) percent of SIAG's gross recovery. Gross recovery means the total amount received by SIAG without deducting any expenses incurred by SIAG or K&S in connection with the Dispute.

(B) <u>Settlement After Filing of RFA and Before Award on Jurisdiction</u> – If SIAG settles the Dispute with Egypt between the time K&S files the RFA and the Tribunal issues its Award on Jurisdiction, K&S's fee interest will be ten (10) percent of SIAG's gross recovery. This provision 2(b) applies only in the event the Tribunal has a separate hearing and award on the issue of jurisdiction. If the Tribunal chooses to decide the issue of jurisdiction at the same time it rules upon the merits, paragraph 2(C) will govern K&S's fee interest.

(C) <u>Settlement After Filing of RFA and Before Award on Merits (No Separate Hearing and Award on Jurisdiction)</u> – If SIAG settles the Dispute with Egypt between the time K&S files the RFA and the Tribunal issues its Award on the Merits, K&S's fee interest will be fifteen (15) percent of the first fifty million dollars ($50 million) of SIAG's gross recovery and ten (10) percent of all amounts in excess of fifty million dollars ($50 million).

2

(D) <u>Settlement or Payment of Judgment After Award on Merits</u> – If SIAG settles the Dispute with Egypt or obtains and collects a judgment from Egypt after the Tribunal issues its Award on the Merits, K&S's fee interest will be twenty (20) percent of the first fifty million dollars ($50 million) of SIAG's gross recovery and seven and one-half (7 1/2) percent of all amounts in excess of fifty million dollars ($50 million).

It is recognized that in the event any of SIAG's claims are resolved through the receipt in whole or in part by SIAG or any of its affiliated business interests of non-monetary consideration (e.g., property or other tangible assets), K&S will be entitled to the above percentages of any cash recovery <u>plus</u> a payment of cash equal to the applicable percentage multiplied by the monetary value of the non-monetary recovery (based upon the present cash value of the non-monetary consideration at the time of such recovery). If SIAG and K&S cannot agree on the monetary value of the non-monetary recovery, the parties agree that their dispute will be resolved pursuant to the dispute resolution provision contained in paragraph 8 of this Contract. However, K&S will be entitled to immediate payment of any portion of the recovery not in dispute.

The parties agree that any payment of a settlement or judgment by Egypt shall be made into a client escrow account maintained by K&S. K&S's fee interest pursuant to paragraph 2 and expense reimbursement pursuant to paragraph 3 of this Contract will be deducted and the balance shall be wire transferred to SIAG pursuant to its written instructions.

3.   <u>Advancing and Reimbursing Expenses</u>. K&S agrees to advance on behalf of SIAG all reasonable and necessary expenses incurred by K&S in the prosecution of SIAG's claims up to an agreed cap of five hundred thousand dollars ($500,000). SIAG shall be solely responsible for all expenses incurred by K&S in excess of five hundred thousand dollars ($500,000). Expenses

3

shall include, but not necessarily be limited to, expert fees and expenses, travel costs, hotel accommodations, out of town meals, arbitration filing fees, arbitrator charges, court reporter charges, computer legal research charges, document management and handling charges, long distance telephone charges, copying charges, telecopier charges, and courier charges. K&S shall in no event be responsible for the expenses of its co-counsel (Mr. Weiler) or of SIAG, including but not limited to those of Mr. Siag or his family members.

In the event SIAG fails for any reason to pay expenses incurred by K&S in excess of this agreed cap of five hundred thousand dollars ($500,000) when requested to do so by K&S, K&S may, in is sole discretion, continue to advance all reasonable and necessary expenses in excess of this agreed cap. If K&S advances expenses in excess of the agreed cap, K&S will be entitled to an additional fee interest of one (1) percent of SIAG's recovery for every fifty thousand dollars ($50,000) of advanced expenses in excess of the agreed cap.

If SIAG receives a recovery by settlement or award from Egypt, it agrees that K&S shall be reimbursed for all expenses that K&S has advanced on its behalf from SIAG's net recovery (following the calculation and payment of K&S's fee interest, which shall be computed based on the gross recovery amount as described above).

4. <u>Withdrawal and Termination</u>.

(A) In addition to the termination rights contained in paragraph 1(A) above, K&S shall be allowed to withdraw from its employment on SIAG's behalf if, in the sole opinion of K&S, SIAG's claims are not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. If K&S elects to withdraw, K&S will not be entitled to a fee for work performed up to the time of its withdrawal.

4

(B) SIAG may terminate its involvement in the arbitration at any time for any reason; provided, however, that if SIAG chooses to terminate its involvement in the arbitration, K&S shall be entitled to recover from SIAG its attorney's fees calculated at three (3) times K&S's standard hourly rate for time incurred on the case at the time of such termination.

5. Duty to Cooperate. SIAG agrees to cooperate and comply with all reasonable requests of K&S in connection with the preparation and presentation of the SIAG claims.

6. Settlement. No settlement of the SIAG claims shall be made without the full knowledge and approval of SIAG. K&S shall keep SIAG advised of developments in the prosecution of its claims. If K&S recommends that SIAG settle its claims for an amount that has been offered in writing by Egypt and SIAG refuses to do so for any reason, K&S shall be entitled to attorney's fees equal to its contingency fee interest in the proposed settlement amount, plus K&S's attorney's fees from that point forward at its standard hourly rates. If K&S recommends in writing that SIAG refuse to settle its claims for an amount that has been offered in writing by Egypt and SIAG nonetheless chooses to settle, K&S shall be entitled to attorney's fees equal to the higher of its contingency fee interest in the proposed settlement amount or one hundred fifty (150) percent of its standard hourly rate for time incurred by K&S on the case at the time of such settlement.

7. Choice of Law. The rights and obligations of the parties to this Contract shall be governed by Texas law, without regard to the choice of law rules of Texas. The Texas Code of Professional Responsibility shall similarly govern K&S's representation of SIAG in this matter.



5


8. **Dispute Resolution:**

Any dispute, controversy or claim, whether based on contract, tort, statute, regulations, or otherwise, arising out of or relating in any way to this Contract, the relationship of the parties, or the obligations of the parties, including without limitation, any dispute as to the existence, validity, construction, interpretation, negotiation, fraud-in-the-inducement, performance, non-performance, breach, termination, or enforceability of this Contract, as well as any dispute regarding jurisdiction or arbitrability, shall be resolved through final and binding arbitration, it being the intention of the parties that this is a broad form arbitration agreement designed to encompass all possible disputes among the parties relating to K&S's representation of SIAG in connection with the Dispute. This right to arbitrate the disputes, claims, or controversies under this Contract shall survive the termination of this Agreement.

The arbitration shall be conducted in accordance with the Arbitration Rules of the London Court of International Arbitration as in effect on the date of commencement of the arbitration proceeding.

The arbitration shall be conducted by a sole arbitrator, who will be selected by the parties. If the parties fail to agree on the arbitrator within thirty (30) days after the initiation of the arbitration, then the London Court of International Arbitration shall appoint the arbitrator.

The situs of the arbitration under this Agreement shall be in Houston, Texas, U.S.A. The arbitration proceedings shall be conducted in the English language.

9. **Effective Date:**

The effective date of this Contract shall be the date of the last signature on this Contract.

6

10. Severability.

If any provision of this Contract is deemed to be unenforceable for any reason whatsoever, the remainder of this Contract shall remain in full force and effect.

11. Counterparts.

This Contract may be executed by the parties in counterparts.

12. Entire Agreement.

The parties agree that this Contract constitutes their entire agreement, and all prior discussions and understandings are merged into this Contract. This Contract may not be modified or amended except in writing signed by all parties.

13. Notices.

All notices sent under this Contract shall be deemed properly given if sent by express delivery, facsimile, or electronic mail to the parties at the following addresses:

    SIAG
    Waguih Siag
    Touristic Investments & Hotels Management (SIAG) S.A.E
    59, Sakkara Road P.O. BOX 107 AHRAM Giza Cairo, Egypt
    Telephone: +20-2-77 17 321/2
    Fax: +20-2-77 17 325
    Electronic Mail: WaguihESiag@aol.com

    KING & SPALDING LLP
    Reginald R. Smith
    1100 Louisiana Street
    Suite 4000
    Houston, Texas 77002
    Telephone: (713) 751-3200
    Fax: (713) 751-3290
    Electronic Mail: rsmith@kslaw.com

7

14. **Assignment.**

This Contract shall inure to the benefit of and bind the successors and assigns of the parties hereto. SIAG represents and warrants that it has not assigned any of the claims against Egypt which are the subject of this Contract to any person or entity which is not a signatory of this Contract.

**WAGUIH SIAG**

Date: 23/8/2004

**MONA SIAG**

Date: 26.08.2004

**CLORINDA VECCHI**

Date: 23.8.2004

**TOURISTIC INVESTMENT & HOTEL MANAGEMENT (SIAG) S.A.E.**

By:
Its: Chairman
Date: 22/8/2004

8

SIAG-TABA CO.

By: _____

Its: _____

Date: 23/9/2004

ACCEPTED:

KING & SPALDING LLP

_____

Date: 20/9/04