UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAGUIH SIAG, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-367 |
| | § | |
| KING & SPALDING LLP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Plaintiffs Waguih Siag, individually and as representative of Touristic Investment and Hotels Management Company, and SIAG-TABA Company's (collectively, "Siag") motion for a temporary restraining order and preliminary injunction (Civil Action No. H-10-2096, Doc. 7), as well as Defendants King & Spalding, LLP ("King & Spalding") and Reginald R. Smith's response (Doc. 51) and Siag's reply (Doc. 57). The Court heard oral argument on June 24, 2010. (Doc. 60.) Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiffs' motion should be denied.

I. Background and Relevant Facts

This is a contract dispute. Plaintiffs Waguih Siag, Touristic Investment and Hotels Management Company, and SIAG-TABA Company develop tourist facilities in Taba, Egypt. Siag had a disagreement with the Arab Republic of Egypt ("Egypt") regarding an expropriated 161-acre resort property near the city of Taba on the Red Sea in which Siag had invested approximately $13 million. In August 2004, Siag hired King & Spalding on a contingency fee basis to represent him in arbitration of the dispute before the International Centre for Settlement

of Investment Disputes (ICSID).  The agreement between Siag and King & Spalding is set forth in a relatively straightforward nine-page "Contract of Representation."  (Doc. 1-2.)  After five years of representation by King & Spalding, in June 2009, the ICSID awarded Siag $133 million.  (Doc. 52-6 at 36.)  Egypt appealed.  In November 2009, Siag settled the dispute with Egypt for $80 million, but failed to inform King & Spalding of the settlement.  In accordance with the arbitration provision of the representation agreement between Siag and King & Spalding, on December 10, 2009, King & Spalding brought the dispute before the London Court of International Arbitration ("LCIA").  (Doc. 1-4.)  On March 30, 2010, the LCIA issued an interim order in favor of King & Spalding requiring Siag to provide a security for $60 million.  (Doc 52-10 at 6.)

Siag filed suit on January 11, 2010 in 334th Judicial District Court of Harris County, Texas for a declaratory judgment.  (Doc. 1-1.)  On February 8, 2010, King & Spalding removed the case to this Court.  (Doc. 1.)  On June 4, 2010, Siag filed a second suit in Harris County, Texas to vacate the arbitrator's order and stay the arbitration proceedings.  (Civil Action No. H-10-2096, Doc. 1-1).  On June 15, 2010, King & Spalding removed the second case to federal court.  (*Id.*, Doc. 1.)  On June 22, 2010, the Court consolidated Civil Action No. H-10-2096 with this, the first filed case.  (Doc. 48.)  Siag seeks to enjoin King & Spalding "from (i) proceeding with the Arbitration before the LCIA, (ii) enforcing the LCIA Order and Award, and (iii) contacting [Siag's] current and prospective business partners and associates regarding the LCIA Order and Award[.]"  (Civil Action No. H-10-2096, Doc. 7 at 4.)

II.  Standard of Review

A party seeking a preliminary injunction must establish the following elements: (1) a

substantial likelihood that the party will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the nonmovants; and (4) granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir. 1983). A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has "clearly carried the burden of persuasion" on all four elements. *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003) (quoting *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

III. <u>Discussion</u>

Regarding the first factor, there remain many issues of fact to be resolved before the Court is in a position to determine the likelihood that Siag will ultimately prevail on the merits in this case. At the hearing, Siag argued that the contract of representation with King & Spalding is unenforceable because it is unconscionable. In its reply memorandum, Siag adds it is likely to succeed on the merits because the arbitration provision is invalid and because the LCIA arbitrator exceeded his powers, refused to postpone the arbitration hearing, and demonstrated partiality in favor of King & Spalding. (Doc. 57 at 8–11.)

The Court finds that the arbitration provision of the contract of representation is likely to be enforceable. Further, the representation agreement between Siag and King & Spalding does not appear unconscionable. This is not a case where there was a substantial inequality in bargaining power between the parties. Siag approached several other law firms with regard to his case before selecting King & Spalding and the terms of the representation contract were

negotiated. The LCIA arbitrator does not appear to have exceeded his powers by ordering Siag to provide a security during the pendency of the arbitration or by refusing to stay the arbitration proceeding, nor does he appear biased.

On the second factor, the Court finds that Siag cannot show that it will suffer irreparable harm by denial of the injunction. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *City of Meridian*, 721 F.2d at 529. At most, by allowing the arbitration to proceed, Siag may suffer an unfavorable decision. Established legal procedures provide for challenging the validity of an arbitration award. "If a legal challenge proved successful, the [Plaintiff] obviously would not be bound by the findings or conclusions of the arbitrator." *Id.* The third factor likewise weighs in favor of King & Spalding, as enjoining the arbitration prevents King & Spalding from exercising the bargained for arbitration clause in the agreement with Siag. Finally, enjoining the arbitration proceedings would disserve the public interest by undermining confidence in arbitration provisions generally.

Siag's request that the Court enjoin King & Spalding from contacting its current and prospective business partners and associates regarding the interim arbitration order is similarly unavailing. Such a restraint on speech is plainly barred by established legal precedent. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419–20 (1971); *In re Nat'l Serv. Corp.*, 742 F.2d 859, 862 (5th Cir. 1984) ("The Supreme Court, in a plethora of cases, has held that prior restraints come before the Court with a 'heavy presumption' against their constitutional validity.").

IV. Conclusion

Accordingly, the Court hereby ORDERS that Plaintiffs Waguih Siag, individually and as

representative of Touristic Investment and Hotels Management Company, and SIAG-TABA Company's motion for a temporary restraining order and preliminary injunction (Civil Action No. H-10-2096, Doc. 7) is DENIED.

    SIGNED at Houston, Texas, this 30th day of June, 2010.

                                      MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE